# Elmann v Israel Discount Bank of N.Y.

2024 NY Slip Op 34012(U)

November 12, 2024

Supreme Court, New York County

Docket Number: Index No. 651791/2024

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE                    PART                    60M

*Justice*

-------------------------------------------------------------------------X

SIDNEY ELMANN, CIRCLE GLASS LLC,

               Plaintiff,

- v -

ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB
BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD.,
CIRCLE JAY GLASS LLC,JAY IMPORT COMPANY,
INC.,HARRY JACOBOWITZ

               Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651791/2024 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 36, 37, 38, 39, 40, 41, 56, 57, 58, 60

were read on this motion to/for                              **DISMISSAL**                        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 59

were read on this motion to/for                                 **DISMISS**                        .

Upon the foregoing documents, it is

<u>Motion 4</u>

The court grants defendant Israel Discount Bank's (the Bank) motion to dismiss (motion 4) for the reasons stated on the record of 11/6/2024. Primarily, this is a dispute between plaintiff and the other defendants (i.e. not the Bank). The Bank, through its IBD Factors division entered into a factoring agreement on July 3, 2019 with defendant Circle Jay Glass by which it loaned money to Circle Jay glass against accounts receivables (ee EDOC 45).

In a letter agreement with the Bank, also dated July 3, 2019 (the Pledge Agreement), plaintiff Ellman individually posted collateral "As security for the payment and performance of <u>all</u> Obligations (as defined in the factoring agreement)". Ellman put up $1 million dollars as a

**651791/2024   ELMANN, SIDNEY ET AL vs. ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB**          **Page 1 of 6**
**BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD. ET AL**
**Motion No.  003 004**

1 of 6

cash deposit. Mr. Ellman agreed that "In the event that <u>any</u> of the Obligations are not paid or performed, when due or in the event of another default by the Client under the factoring agreement . . . [the Bank] may immediately apply the Collateral to payment of the Obligations without notice or demand and in such order as we shall determine." [Pledge Agreement, EDOC 46 at pg 1]).

The Pledge Agreement also states:

> In the event the Permitted Maximum Overadvance (as defined in the Factoring Agreement) is fully and indefeasibly paid and satisfied in the time and manner according to its terms, the Cash Collateral Account or, after having applied the same to Obligations, so much thereof as then remains shall be released to you.
> (see Pledge Agreement pg. 2).

The Factoring Agreement defines "Maximum Permitted Overadvance Amount" as:

> an amount on the Effective Date equal to $1,750,000.00; provided, that, such amount (i) shall be reduced by $75,000.00 per month commencing on the first Banking Day of September, 2019, and the first Banking Day of each month thereafter through the first Banking Day of June, 2020 (i.e., by a total amount of $750,000.00), and (ii) shall reduce to $0.00 upon the Release Date or upon a reduction in the Cash Collateral pledged to IDB, whichever is earlier to occur.

The Factoring Agreement also states in the definition of "Release Date" that the Collateral could be released as long as there was no "Overadvance or any other default or Event of Default beyond the applicable cure period and (ii) that such release of Cash Collateral would not cause and Overadvance or any other default or Event of Default."

The Factoring Agreement thus makes clear that IDB was required to release the Cash Collateral to Elmann only if: (i) there was no "Overadvance or any other default or Event of Default" existing on the Release Date, and release of the Cash Collateral would not create an overadvance, and (ii) any permitted overadvance under the Factoring Agreement was "reduced to $0.00" on the Release Date.

**651791/2024   ELMANN, SIDNEY ET AL vs. ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB          Page 2 of 6**
**BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD. ET AL**
**Motion No.  003 004**

2 of 6

[* 2]

Thus, by the express terms of the Pledge Agreement and the Factoring Agreement, the Bank was permitted to retain plaintiff's collateral in the event of non payment.

In a Subordination Agreement also dated July 3, 2019, plaintiff Ellman agreed with Circle Jay Glass that:

> Until the Senior Debt is indefeasibly paid in full, [Circle Jay] shall not pay, and Creditor shall not accept, any payments of any kind (including prepayments) associated with the Subordinated Debt other than is permitted to be paid in accordance with the Factoring Agreement and the Cash Collateral Agreement between Circle Glass, LLC and Factor dated July 3, 2019. So long as this Subordination Agreement remains in effect, no prepayment of any kind (by voluntary prepayment, acceleration, set off or otherwise) of any portion of the Subordinated Debt may be made by [Circle Jay] or received or accepted by [Elmann] at any time.

Therefore, under the express terms of the Subordination Agreement, Elmann agreed to subordinate the Subordinated Debt to Circle Jay's Obligations to IDB until the Obligations of Circle Jay to IDB are indefeasibly paid in full. Accordingly, plaintiff's collateral was subordinated to Circle Jay's debt to the Bank. This means that plaintiff could not recover its collateral while Circle Jay owed the Bank on the factoring loan.

There is no dispute that Circle Jay Glass fell into default under the Factoring Agreement and failed to pay back the loans the Bank had extended to it. There is also no dispute that the outstanding balance on the loans is in excess of the collateral. There is also no dispute that the Maximum Permitted Overadvance was not 0.00. Thus, under the Pledge Agreement and the Subordination Agreement, plaintiff's collateral is forfeit.

Plaintiff baldly alleges that the Bank somehow colluded with defendants to loan them more money than the Bank should have in an effort to deprive plaintiff of its collateral. Plaintiff claims, without any supporting details, that the Bank loaned more than was commercially reasonable, so it must have been colluding with defendants.

**651791/2024   ELMANN, SIDNEY ET AL vs. ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB**          Page 3 of 6
**BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD. ET AL**
**Motion No.  003 004**

[* 3]                                                        3 of 6

This argument is speculative to such a degree that it cannot survive a motion to dismiss. The Bank took no action beyond what the Factoring Agreement permitted it to do. Accordingly, and for the reasons stated on the record, the court dismisses the complaint against the Bank without prejudice.

The conversion claim is additionally dismissed for failure to plead an identifiable fund. All plaintiff alleges is the same inchoate $1,000,000 alleged for every cause of action. There was no effort describe the cash collateral or how plaintiff deposited it.

Moreover, the court dismisses the claim for punitive damages <u>with prejudice</u> as to all defendants. This is a private commercial matter that does not rise to the level where punitive damages would be appropriate (see *Sire Spirits, LLC v. Beam Suntory, Inc.,* 227 A.D.3d 630 [1st Dep't 2024]).

Motion 3

Defendants Circle Jay Glass LLC, Jay Import Company, Inc., Harry Jacobowitz (the Non Bank defendants) move to dismiss the second and fourth causes of action (the breach of contract claims against Jacobowitz and Jay Import, respectively), the fifth cause of action (conversion) as against Jay Import, causes of action 7-9 (the fraud claims against Circle Jay, Jay Import, and Jacobowitz, respectively), the tenth cause of action (civil conspiracy) as to the Jay Defendants, and the fourteenth cause of action (tortious interference against the Jay Defendants).

The fifth cause of action for conversion was dismissed as discussed above. The second and fourth causes of action assert breach of guaranty against Harry Jacobowitz and Jay Import Company respectively. For the reasons stated on the record, the court denies the motion to dismiss these two claims. In their respective guaranties, each guarantor agreed to pay the amount

**651791/2024   ELMANN, SIDNEY ET AL vs. ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB**          **Page 4 of 6**
**BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD. ET AL**
**Motion No.  003 004**

4 of 6

[* 4]

of the cash collateral should Circle Jay Glass default in its obligations under the Factoring

Agreement:

> "the Guarantor hereby hereby irrevocably, absolutely and unconditionally guarantees. . . The Release of the Cash Collateral within (3) business days after the Release date pursuant to, and in accordance with the provisions of Section 32 of the Purchase Agreement and Purchaser-IDB Factoring Agreement to the extent Purchaser has not caused such release"

There is no dispute that Purchaser defaulted under the Factoring Agreement such that the

Collateral could not be released. Therefore, the Guaranties appear to be triggered at this point

and the causes of action for breach of Guaranty are therefore sustained.

The seventh through ninth causes of action are dismissed for the reasons set forth on the

record of 11/6/2024. Namely, these claims are not fraud but a breach of a promise to perform in

the future. This is not fraud as there is no present misrepresentation of fact (*Cronos Grp. Ltd. v.

XComIP, LLC*, 156 A.D.3d 54, 71 [1st Dep't 2017] ["the dismissal of the fraud cause of action is

required on the ground that it is 'based upon a statement of future intention ... [but fails to] allege

facts to show that the defendant, at the time the promissory representation was made, never

intended to honor or act on [its] statement'"]). Moreover, these claims are not pled with the

requisite particularity. There is nothing to indicate what was said exactly, who said it, when and

where. Dinally, as pled, the fraud claim duplicates the breach of contract cause of action (*id*. at

67).

The tenth cause of action for civil conspiracy is wholly conclusory and there is no

independent tort underlying it. Hence it is dismissed.

All claims for tortious interference with business relations (11th -14th ) are

dismissed. These causes of action are pled in wholly conclusive fashion, lacking any detail,

**651791/2024   ELMANN, SIDNEY ET AL vs. ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB**
**BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD. ET AL**
**Motion No.  003 004**

Page 5 of 6

5 of 6

especially as to the element of acting "solely out of malice or used improper or illegal means" which is bereft of any detail whatsoever.

Accordingly, it is

ORDERED THAT the court grants Israel Bank's motion to dismiss (motion 4) in its entirety; and it is further

ORDERED THAT the court grants the remaining defendant's motion to dismiss to the extent of dismissing the 7-9 and 11-14th causes of action and otherwise denies the motion; and it is further

ORDERED THAT plaintiff can have 20 days from the efiled date of this decision and order to replead; and it is further

ORDERED THAT the remaining defendants have 30 days from the efiled date of this decision and order to answer the remaining claims.

20241112170246MACRANEA529199500344E0F8899C36B60557745

_____
**11/12/2024**
DATE

_____
**MELISSA A. CRANE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651791/2024   ELMANN, SIDNEY ET AL vs. ISRAEL DISCOUNT BANK OF NEW YORK A/K/A IDB BANK, A SUBSIDIARY OF DISCOUNT BANK, LTD. ET AL**
**Motion No.  003 004**

Page 6 of 6

6 of 6

[* 6]